JOHN N. BOWERS AND ALMA S. BOWERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bowers v. Commissioner
Docket No. 850-78.
United States Tax Court
T.C. Memo 1980-246; 1980 Tax Ct. Memo LEXIS 339; 40 T.C.M. (CCH) 642; T.C.M. (RIA) 80246; July 14, 1980, Filed John N. Bowers, pro se. Lawrence D. Garr, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: Respondent determined a deficiency of $2,430.70 in petitioners' Federal income tax for calendar year 1974. As we understand it, the deficiency results from respondent's determination that the worthlessness of a $10,000 loan made by petitioner, John N. Bowers, to a Mr. Basilike should be treated as a nonbusiness bad debt loss under section 166(d), I.R.C. 1954, as amended, [1] and deductible as a short-term capital loss, rather than deductible as a business bad debt. FINDINGS OF FACT
*340 Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by this reference. At the time the amended petition was filed in this case petitioner husband resided at 315 West Patrick Street, Frederick, Maryland, and petitioner wife resided at 144 Key Parkway, Frederick, Maryland. Petitioners filed a timely joint Federal income tax return, Form 1040, on August 15, 1975. A timely statutory notice of deficiency for taxable year 1974 was issued to petitioners on November 1, 1977. During all pertinent years petitioner husband was president and sole shareholder of John N. Bowers Realty, Inc., a corporation headquartered in Frederick, Maryland which engaged in general real estate sales. He was also a real estate broker. During all pertinent years petitioner husband, and various other real estate salesmen and clerical employees worked for John N. Bowers Realty, Inc. George Basiliko was top executive officer and owner of G & B Real Estate (hereinafter "G & B"), headquartered in Silver Spring, Maryland. In March of 1972, George Basiliko purchased all the stock of Crown Oil and Wax Company, Inc. (hereinafter *341 "Crown Oil"),headquartered in Frederick, Maryland, and was appointed chairman of the board. Petitioner husband, unlike the other real estate salesmen employed by John N. Bowers Realty, Inc., had no arrangement with the corporation whereby he was paid a certain commission on sales where he was the sales or listing agent. Similarly, petitioner did not have an arrangement with the corporation by which he would receive a specified salary. He took money from the corporation as money was generated. On May 30, 1972, petitioner personally loaned $10,000 to George Basiliko. The loan contained no provision for interest. The loan was never repaid and became totally worthless in December of 1974. Beginning in 1970 and continuing through all fiscal tax years through 1974, except for 1971, John N. Bowers Realty, Inc. acted as an agent in various real estate transactions for George Basiliko, G & B, Crown Oil, or some combination thereof. The listing agreements with Basiliko were signed by John N. Bowers. The receipts resulting from the listing agreements accrued to JohnN. Bowers Realty, Inc., not John Bowers. The listing agreements were considered corporate agreements by John *342 Bowers and John N. Bowers Realty, Inc. The receipts were not passed to John Bowers as salary in their entirety or as they were received. He took from his corporation whatever money he wanted and when it was available. On May 30, 1972, the date of the loan, John N. Bowers Realty, Inc. did not have sufficient funds available to lend $10,000 to Basiliko. Petitioner John Bowers considered his personal business and the corporate business as synonymous. ULTIMATE FINDINGS OF FACT Petitioner John Bowers was not in the trade or business of lending money. The loan by petitioner John Bowers to Basiliko which became worthless in 1974 was not proximately related to John Bowers' trade or business. OPINION Thequestion to be answered is set out above. We repeat it, is the loss on the $10,000 loan to be treated as a business bad debt as claimed by petitioner husband or as a nonbusiness bad debt as determined by respondent? Guidelines for answering this question have been established in a number of cases over the past few years. See United States v. Generes,405 U.S. 93 (1972); Smith v. Commissioner,60 T.C. 316 (1973); Saia v. Commissioner,T.C. Memo. 1974-301, *343 affd. in an unpublished opinion 536 F.2d 388 (5th Cir. 1976). [2]
There is some indication in the record that petitioner was claiming that he was in the business of lending money as well as in the business of being an officer and employee of his wholly owned corporation. The claim of being a money lender was not pursued and we consider it abandoned. If not, we find petitioner was not in that business. Now, did the loan to Basiliko result in a deductible "business bad debt?" We think not. To prevail, petitioner, under the above-cited cases, must prove that his dominant motivation in making the loan was to enhance or protect his business relationship with his wholly owned corporation. How that could be is difficult on this record to ascertain. True, petitioner's wholly owned corporation had business dealings with Basiliko and earned money through those dealings which finally inured to petitioner's benefit through the corporation. But what we are dealing with here is a single loan from petitioner personally to Basiliko. So far as we can tell from the record, *344 the loan had nothing to do with business. What the proceeds were used for in connection with the business relations between the two men and the corporation is a blank. The money--as far as the record shows--might have been used by Basiliko to purchase a pleasure yacht. We certainly note that regardless of whether petitioner was using the loan to promote good relations on behalf of his corporation--his business of being an employee and owner of the corporation and the corporate business are separate businesses, Saia,supra, and must be so treated taxwise. In conclusion, we think there is no evidence to show that petitioner's relationship with his corporation would have been affected in any way if he had not personally made the loan in question to Basiliko. Accordingly, on the record before us, we conclude petitioner is entitled only to a nonbusiness bad debt of $10,000 for 1974. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.↩
2. See also Sussman v. Commissioner,↩ t.c./ Memo. 1980-228, involving a similar question.